UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick L. Howell, # 310890, ) | C/A No. 4:15-2701-JFA-TER |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| State of South Carolina Attorney General ) | |
| Alan Wilson, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff is an inmate at the Turbeville Correctional Institution of the South Carolina Department of Corrections. In the above-captioned case, Plaintiff has brought suit against Alan Wilson, Attorney General for the State of South Carolina. (See Doc. # 1-2). In Plaintiff's Complaint, he contends that the South Carolina's Uniform Post–Conviction Procedure Act, and specifically Section 17-27-90, is unconstitutional in that the state court's interpretation of certain statutory language essentially deprives PCR applicants of access to the state's procedures. From his previous case filings, it appears that Plaintiff filed an initial PCR application, which was ultimately dismissed with prejudice. See Doc. # 1-1 of C.A. No 4:15-cv-2561-JFA. Plaintiff indicates that he filed a subsequent PCR application which was dismissed as untimely and successive, with a notation that "a PCR counsel was ineffective is not per se 'sufficient reason' warranting a successive PCR application under 17-27-90." Id. at 2-3.

S.C. Code Ann § 17-27-90 provides as follows:

> All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief,

1

may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for <u>sufficient reason</u> was not asserted or was <u>inadequately raised</u> in the original, supplemental or amended application.

(emphasis added).

In Petitioner's claim for relief, he seeks declaratory and injunctive relief as follows:

1) Decide that the "sufficient reason" definition, in relation to the exception "inadequately raised," used by the state courts to deny subsequent (2nd) PCR applications, renders the statute 17-27-90 unconstitutional because it will never allow an applicant access to the state procedures for grounds inadequately raised.

2) Have the state courts re-define "sufficient reason" in relation to "inadequately raised," that will allow a applicant to meet that threshold and allow the statute to be constitutional;

3) Have the state courts "clearly define" inadequately raised as it relates to a PCR applicant with counsel and without counsel, to allow the statute to be constitutional so that it should read in conjunction with the purposed of the whole statute and policy of law without "forced construction"

4) Decide if the "sufficient reason" definition offends some principles of justice and transgresses any recognized principle of fundamental fairness; and

5) Decide if the PCR statute 17-27-90 "as construed" by the state courts deny Petitioner his procedural due process rights and render the statute unconstitutional

Doc. # 1 at p. 8-9.

## DISCUSSION

### Standard of Review for *Pro Se* Complaints

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light

2

of the following precedents: Denton v. Hernandez, 504 U.S. 25, 31–35 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519, 519 (1972)(per curiam); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 953–56 (4th Cir. 1995)(en banc); Todd v. Baskerville, 712 F.2d 70, 71–74 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir.1995).

This Court is required to liberally construe pro se documents, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), holding them to a less stringent standard than those drafted by attorneys, Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Hughes v. Rowe, 449 U .S. 9 (1980). Even under this less stringent standard, however, the pro se complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that

3

were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417–18 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

## ANALYSIS

As an initial matter, Plaintiff indicates that he is bringing a challenge to the constitutionality of the South Carolina PCR statutes under "Rule 44 (FRCP) and Rule 5.1 (FRCP)," neither of which create any private cause of action.

Furthermore, to the extent that his action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

A § 1983 claim cannot be based on the doctrine of respondeat superior or supervisory liability. Ashcroft v. Iqbal, 556 U.S. at 667, citing *Robertson v. Sichel*, 127 U.S. 507, 515–516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligence, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). It is notable that Plaintiff does not allege that Defendant Wilson personally acted or failed to act deliberately to enact or enforce the statutes at issue. A defendant cannot be liable under § 1983 merely because they are a supervisor or manager. See Vinnedge v. Gibbs, 550 F.2d 926, 927-929 (4th Cir.1977). See also Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). As the complaint fails to allege that Defendant Wilson was personally involved in any alleged violation of Plaintiff's constitutional rights, and the Defendant's broad supervisory responsibilities in his position do not impose supervisory liability under § 1983, the complaint fails to state a claim against Defendant Wilson, and he is therefor entitled to summary dismissal from this action for any supervisory liability

5

claims asserted by Plaintiff.[1]

Additionally, to the extent that Defendant Wilson is being sued for actions related to Plaintiff's underlying criminal case, he is entitled to prosecutorial immunity. Defendant Wilson as the South Carolina Attorney General, is the chief prosecuting officer of the state. See § 24 of Article V, Constitution of the State of South Carolina. Prosecutors are protected by immunity for activities in or connected with judicial proceedings. Buckley v. Fitzsimmons, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); Burns v. Reid, 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); Dababnah v. Keller–Burnside, 208 F.3d 467, 470 (4th Cir.2000). In Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." Id. at 430. The prosecutorial immunity established in *Imbler* extends to post conviction proceedings. See Houston v. Partee, 978 F.2d 362, 365 (7th Cir.1992) (recognizing "substantial case law granting absolute immunity for acts done in various post-conviction proceedings"); Bruce v. Wade, 537 F.2d 850 (5th Cir.1976) (challenges to conviction protected by the immunity doctrine). Therefore, Defendant Wilson is immune from suit for any prosecutorial actions taken in Plaintiff's post conviction relief proceeding.

Moreover, although Plaintiff indicates that he requests declaratory/injunctive relief, the

---

[1]To the extent that Plaintiff seeks any monetary damages in this action, Defendant Wilson, as Attorney General for the State of South Carolina, would be entitled to Eleventh Amendment immunity. Furthermore, Plaintiff's Complaint concerns matters pertaining to his underlying criminal conviction and sentence for Burglary First Degree. As Plaintiff has neither alleged nor demonstrated that his underlying conviction or sentence has been set aside or invalidated; to the extent Plaintiff seeks any monetary damages, this action is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

remedy he actually seeks is akin to habeas relief pursuant to 28 U.S.C. Section 2254. Plaintiff cannot obtain his "freedom" or release from prison in a civil rights action. See Heck v. Humphrey, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and Johnson v. Ozmint, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983). To the extent that the Complaint could be construed as seeking habeas relief in this action, Plaintiff has litigated a § 2254 action (adjudicated on the merits) with respect to his conviction for Burglary First Degree. See Howell v. Warden, Lieber Correctional Inst., Civil Action No. 4:12-2808-JFA-TER, 2014 WL 791506 (D.S.C. Feb. 24, 2014), Thus, he must seek leave to file any successive habeas corpus petition.[2] Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); and In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has

---

[2]The Court takes judicial notice of materials in court records from Plaintiff's prior habeas proceedings (4:12-cv-2808). See Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir.1949); see Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records); see also In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating); See also Colonial Penn Ins. Co. v. Coil, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court under the standard established in section 2244(b)(3)(C)."). Before Plaintiff attempts to file another petition in the United States District Court for the District of South Carolina, he *must* seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3).

The undersigned recommends a "strike" be given to the plaintiff pursuant to 28 U.S.C. § 1915(g). The Fourth Circuit has set forth the standard for determining which cases are subject to the "three-strikes" rule. Under McLean v. U.S., 566 F.3d 391 (4th Cir.2009), a "strike" may be "thrown" after review of the case if it is frivolous, or if it fails to state a claim upon which relief may be granted. The latter finding must be with prejudice. Thus, pursuant to McLean, "[a] potentially meritorious but inartfully pleaded claim by a prisoner that is dismissed without prejudice for failure to state a claim is wholly distinct from a claim that is dismissed as frivolous, malicious, or substantively meritless. The former claim might be revived by competent pleading, but the latter cannot." McLean, 566 F.3d at 397. The plaintiff has filed a previous action in this Court against the same defendant raising essentially identical issues. See Howell v. Wilson, C/A No. 4:15-2561-JFA. That case has been recommended for summary dismissal. Because the instant action is largely a duplicate filing, it should be summarily dismissed as frivolous and a strike should be entered pursuant to 28 U.S.C. § 1915(g). See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."); see also 28 U.S.C. §§ 1915A, 1915(g); McLean v. United States, 566 F.3d 391, 397-400 (4th Cir. 2009).

8

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the District Court dismiss the Complaint in this case, with prejudice, and without issuance and service of process.  See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Since the Complaint filed in this case is substantially frivolous, 28 U.S.C. § 1915A(b)(1) is applicable in this case. Hence, it is also recommended that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). See McLean v. United States, 566 F.3d 391 (4th Cir. 2009).

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 29, 2015  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).